# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1528

_____

United States of America,      *
    *
      Appellee,     *
    *
      v.     *    Appeal from the United States
    *   District Court for the
Christine M. Heliin,     *   District of Nebraska.
    *
      Appellant.     *     [UNPUBLISHED]

_____

Submitted: November 7, 2000
Filed: November 16, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Christine Heliin pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. After an evidentiary hearing on the issue of drug quantity, the district court[1] sentenced her to eighty-seven months imprisonment (the Guidelines minimum) and four years supervised release. On appeal, Heliin argues that she was coerced into pleading guilty, that the court's drug-

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

quantity determination was not supported by sufficient evidence, and that the court erred by not departing sua sponte on the basis of her post-offense rehabilitation.

We reject each of these arguments. Heliin's failure to attempt to withdraw her guilty plea below precludes her from challenging its voluntariness in this appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claim of involuntary guilty plea "first must be presented to the district court and [is] not cognizable on direct appeal"). The district court's drug-quantity finding was based on credibility determinations, which we see no reason to disturb on appeal. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (findings based on credibility determinations are virtually never clear error); United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (credibility determinations are committed squarely to domain of sentencing court and are virtually unreviewable on appeal). Finally, the court did not plainly err by not sua sponte granting a downward departure. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain-error standard of review for issues not raised below).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-